<pre>
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
</pre>

DAVID H.,<sup>1</sup>

                                       Plaintiff,        Case # 20-CV-01471-FPG

v.                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.

## INTRODUCTION

On December 6, 2017, David H. ("Plaintiff") protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.<sup>2</sup> 18. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Dale Black-Pennington on August 13, 2019. Tr. 18. At the hearing, Plaintiff and a vocational expert appeared and testified. On September 20, 2019, the ALJ issued an unfavorable decision. Tr. 15. On August 13, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 4. On October 13, 2020, Plaintiff appealed to this Court.<sup>3</sup> ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons below, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

<sup>1</sup> In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

<sup>2</sup> "Tr." refers to the administrative record in this matter. ECF No. 7.

<sup>3</sup> The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.     **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.     **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.      The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 6, 2017, the alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff has the following severe impairments: major depressive disorder, posttraumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), obsessive-compulsive disorder ("OCD") and history of traumatic brain injury ("TBI"). Tr. 20. In addition, the ALJ found that Plaintiff has the following non-severe impairments: post-void dribbling, pelvic and perineal pain, and obstructive sleep apnea. Tr. 21. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 21. Next, the ALJ determined that Plaintiff maintained the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations: "able to understand, remember and apply simple non-detailed, non-complex instructions and directions; able to perform simple routine tasks; requires occasional reminder and instructions to learn new tasks; able to have occasional contact with co-workers and the public; able to have frequent contact with supervisors; and able to frequently manage change to the workplace environment." Tr. 23.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform including, for example, router, final assembler, and "cleaner II." Tr. 29. As such, the ALJ found that Plaintiff was not disabled from his alleged onset date, December 6, 2017, through the date of the ALJ's decision, September 20, 2019.

**II.     Analysis**

Plaintiff argues that the ALJ's evaluation of his subjective mental-health complaints was not "substantially supported" and "based on speculation and mischaracterization[,]" warranting remand. ECF No. 8-1 at 12. According to Plaintiff, the ALJ incorrectly concluded that Plaintiff's statements as to the limiting effects of his symptoms were inconsistent with the medical evidence of record. *Id*. The Commissioner maintains that "substantial evidence" supports the ALJ's conclusion that Plaintiff's statements regarding the severity of his alleged symptoms were inconsistent with the record. ECF No. 10-1 at 10. For the reasons below, the Court agrees with the Commissioner.

"When an ALJ determines that a claimant's own statements regarding [his] symptoms are not supported by the record, that 'decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.'" *Ferreira v. Berryhill*, No. 16-CV-6772, 2017 WL 2398705, at *8 (S.D.N.Y. June 2, 2017) (quoting SSR 16-3p, 2016 WL 1119029 at *9 (Mar. 16, 2016)). This requires a more "holistic analysis" of Plaintiff's symptoms and the available evidence. *See id*.; *Acosta v. Colvin*, 15-CV-4051, 2016 WL 6952338, at *18 (S.D.N.Y. Nov. 28, 2016). Indeed, "when evaluating [Plaintiff's] symptom intensity, '[t]he ALJ must consider the entire case record, including objective medical evidence, [Plaintiff's] statements about the intensity, persistence, and limiting effects of symptoms, statements and information provided by medical sources, and any other relevant evidence in [Plaintiff's] record.'" *Kearney v. Berryhill*, 16-CV-00652, 2018 WL 5776422, at *6 (W.D.N.Y. Nov. 2, 2018). This eliminates the focus of the inquiry from concerning solely the "credibility" of Plaintiff and Plaintiff's character. *Id*.; *see also Ferreira*, 2017 WL 2398705, at *8.

"It is the ALJ's job to resolve conflicting record evidence," and the Court "must defer to that resolution." *Dyana G. o/b/o J.A.G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021). As a result, "under the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Gonzalez-Cruz v. Comm'r of Soc. Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018). A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding […] was erroneous." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019).

Here, the ALJ found that while Plaintiff's mental impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence of record. Tr. 23. At the hearing, Plaintiff testified that he "had problems being around other people and [was] unable to work due to anxiety, PTSD and depression." Tr. 24. Plaintiff testified that he had trouble remaining on task, as well as memory issues and "panic attacks that occurred up to ten times per day." *Id*. Plaintiff testified that was "unable to focus long enough to read" and had "significant difficulties with memory, trouble maintaining appointments and required instructions repeated multiple times when working." *Id*. Plaintiff testified that he was, nevertheless, "able to care for his own personal needs" and perform "some household chores such as sweeping and childcare." *Id*. Plaintiff claimed that he had "trouble remembering things and had a lifelong history of anxiety that had progressively worsened with inability to be around other people without experiencing an anxiety attack [,]" but did not see a physician for this condition. *Id*.

5

The ALJ's conclusion that Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not consistent with the medical evidence of record was supported by "substantial evidence." *Ferreira*, 2017 WL 2398705 at *8. That is, the ALJ properly considered Plaintiff's alleged symptomology and reasonably concluded that Plaintiff's allegations were not consistent with medical records from Plaintiff's treating sources. Tr. 24. Plaintiff's medical history is replete with treatment notes indicating that while Plaintiff certainly suffered from the neurological conditions alleged, Plaintiff continually had an intact memory and logical thoughts; was cooperative, pleasant and well-developed; and answered questions appropriately during examinations. Tr. 26-27; 298-310. In addition, in November 2017, the ALJ noted that Plaintiff reported that the symptoms of his anxiety and depression were "mild and [he was] able to manage [them]." Tr. 25. Plaintiff's memory was "relatively good" at the time. *Id.* Further, in March 2019, the ALJ noted that after receiving treatment from his primary care physician and being prescribed Adderall, Plaintiff reported "dramatic improvement with decreased anxiety and depression, increased focus" and his affect appeared "more cheerful." Tr. 26. After further mental health treatment, an evaluation dated April 10, 2019 showed that Plaintiff "appeared alert, well oriented, [with an] appropriate affect, euthymic mood, good eye contact, and logical speech." Tr. 27. The ALJ found no evidence in the record to support Plaintiff's assertion that he suffered up to ten anxiety-induced panic attacks per day.

In short, the ALJ reasonably relied upon such evidence to conclude that Plaintiff's symptoms were not as debilitating as he alleged. *See* 20 C.F.R. § 404.1529(c)(2), (3). Although Plaintiff posits that some of the medical opinions may support greater restrictions, because the ALJ reasonably rejected Plaintiff's claims about the severity of the symptoms that his neurological conditions caused, the ALJ could reasonably reject any medical opinions premised on those claims.

*See, e.g., Cheryl A. v. Comm'r of Soc. Sec.*, No. 19-CV-1438, 2021 WL 1022442, at *3 (W.D.N.Y. Mar. 17, 2021); *Davis v. Comm'r of Soc. Sec.*, No. 16-CV-1074, 2017 WL 7049560, at *5 (N.D.N.Y. Nov. 20, 2017).  The mere fact that other evidence could support a different conclusion is not sufficient to warrant remand.  *See Gonzalez-Cruz*, 294 F. Supp. 3d at 187.  Rather, this Court must defer to the Commissioner's resolution of evidence where, as here, "that resolution is supported by substantial evidence." *Marc C. v. Comm'r of Social Sec.*, No. 17-CV-1096, 2018 WL 6830839, at *8 (N.D.N.Y. Dec. 27, 2018).  Accordingly, the Court cannot conclude that the ALJ erred in his evaluation of Plaintiff's subjective statements regarding the intensity, persistence, and limiting effects of his symptoms.  Plaintiff's motion is accordingly denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 10, is GRANTED, and the ALJ's decision is AFFIRMED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 22, 2023
 Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York